**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RYFORD H. ESTORES, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 25-cv-06151 |
| v. | ) | |
| | ) | Judge Andrea R. Wood |
| THE PARTNERSHIPS AND | ) | |
| UNINCORPORATED ASSOCIATIONS | ) | |
| IDENTIFIED IN SCHEDULE A, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Defendant CSJS's motion to dismiss [74] and Defendant Wanmikechuang-US's motion to dismiss [100] are granted in part and denied in part. The motions are granted as to any claim by Plaintiff Estores for copyright infringement; any such claim is dismissed with prejudice. The motion is denied as to the claims asserted by Plaintiff Self-Cut System, LLC. Nonetheless, Defendants CSJS and Wanmikechuang-US are dismissed without prejudice for improper joinder pursuant to Fed. R. Civ. P. 21. Plaintiff Self-Cut System, LLC may refile its claims against Defendants CSJS and Wanmikechuang-US as separate actions. See the accompanying Statement for details.

## STATEMENT

In connection with their marketing of a foldable tripartite mirror, Plaintiffs Ryford Estores and Self-Cut System, LLC ("SCS") use a photograph of a male model demonstrating the mirror's functionality for which SCS holds a copyright, VA 2-462-945. According to Plaintiffs, the several Defendant online retailers listed on Schedule A attached to the operative Second Amended Complaint ("SAC") use SCS's copyrighted photograph to sell their own foldable mirrors. For that reason, the SAC asserts claims for copyright infringement, in violation of 17 U.S.C. § 501, and common law trade dress infringement. Now, two Defendants, CSJS and Wanmikechuang-US ("Moving Defendants"), have filed motions to dismiss the SAC pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 20(a). (Dkt. Nos. 74, 100.)

Because Moving Defendants' motions to dismiss raise substantially similar arguments, the Court addresses the motions together. To begin, Moving Defendants contend that one of the two named Plaintiffs, Ryford Estores, lacks standing to assert a claim for copyright infringement because he has no ownership interest in the asserted copyright. While Moving Defendants frame Estores's standing to bring claims for infringement as a matter of Article III standing, the Seventh Circuit has explained that the issue is more accurately understood as arising under Rule 12(b)(6). *HyperQuest, Inc. v. N'Site Sols., Inc.*, 632 F.3d 377, 381 (7th Cir. 2011). That is because 17

U.S.C. § 501(b) "restricts the set of people who are entitled to bring a civil action for infringement to those who qualify as '[t]he legal or beneficial owner of an exclusive right under a copyright.'" *HyperQuest*, 632 F.3d at 381 (quoting 17 U.S.C. § 501(b)). Consequently, the statute "spells out who has enforceable rights under [it]; someone who does may sue, and someone who does not has failed to state a claim upon which relief may be granted." *Id.* Here, the SAC alleges that SCS holds the exclusive rights in the asserted copyright. (SAC ¶¶ 7–9, 19, Dkt. No. 69.) By contrast, the SAC only mentions Estores to identify him as an owner of SCS. (*Id.* ¶ 18.) Not only do those sparse allegations fail to plead that Estores, himself, has any ownership interest in the asserted copyright, they also fail to provide fair notice of any other claim Estores might have against Defendants separate from SCS.

Next, Moving Defendants contend that the SAC fails to state a viable claim for copyright infringement because it lumps all Defendants together in alleging infringement instead of specifically alleging how each Defendant infringed on SCS's copyright. But such "group pleading" is not necessarily improper, "so long as the complaint provides sufficient detail to put the defendants on notice of the claims." *E.g.*, *Symbria, Inc. v. Callen*, No. 20-cv-4084, 2022 WL 60530, at *10 (N.D. Ill. Jan. 6, 2022). And here, it is enough that the SAC alleges that all Defendants "use the same copyrighted image that infringes [SCS's] copyright" and "actively infringed [SCS's] common law trade dress," both without license or authorization. (SAC ¶¶ 25–26); *see Symbria*, 2022 WL 60530, at *10 ("[I]n alleging copyright infringement, Plaintiffs claim that all of the Defendants have reproduced Plaintiffs' copyrighted works without authorization. That gives fair notice to each of those Defendants as to the wrongs it committed." (citation omitted)). The Court therefore denies Moving Defendants' motion to dismiss SCS's claims against them for failure to state a claim.

Finally, the Court considers Moving Defendants' claim that the SAC should be dismissed for improper joinder. Under Rule 20(a)(2), multiple defendants may be joined in a single action if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Here, Moving Defendants contend that there is no relationship between themselves and any other Defendant listed on the Schedule A other than the fact that they are alleged to have infringed the same copyrighted photograph. However, "[i]t is well established . . . that simply committing the same type of violation in the same way does not link defendants together for the purposes of joinder." *Viking Arm AS v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, No. 24 C 1566, 2024 WL 2953105, at *2 (N.D. Ill. June 6, 2024). Instead, "[c]laims against different defendants arise out of the same transaction or occurrence when there is a logical relationship between the separate causes of action." *Chrome Hearts LLC v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, No. 26 C 497, 2026 WL 1382792, at *2 (N.D. Ill. May 18, 2026) (internal quotation marks omitted). Such a relationship exists "where there are shared, overlapping facts that give rise to each cause of action, not just distinct, albeit coincidentally identical, facts." *Id.* (internal quotation marks omitted).

According to SCS, joinder is appropriate in this case based on the SAC's allegations that Defendants "are an interrelated group of infringers" and their respective internet stores "include notable common features." (SAC ¶¶ 25, 28.) "But those are conclusions—not facts." *Estee*

*Lauder Cosmetics Ltd. v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, 334 F.R.D. 182, 188 (N.D. Ill. 2020). Rather than provide any detail as to the logical relationship between each Moving Defendant and the rest of the joined Defendants, SCS simply argues that because all Defendants used the same copyrighted photograph, they "likely 'swarmed' the same source to obtain packaging possessing [SCS's] copyrighted image." (Pls.' Resp. to Def. CSJS's Mot. to Dismiss at 2, Dkt. No. 75; Pls.' Resp. to Def. Wanmikechuang-US's Mot. to Dismiss at 2, Dkt. No. 107.) However, the concept of a "swarm" is specific to infringement facilitated by a particular file-sharing protocol in which the alleged infringers share copyrighted files by means of an "interconnected web of information flowing between users . . . called a swarm." *AF Holdings, LLC v. Does 1–1058*, 752 F.3d 990, 998 (D.C. Cir. 2014). That swarm concept is inapposite to the circumstances here, which involve individual online retailers whose allegedly infringing activity occurs in connection with sales of a physical product.[1]

Because SCS fails to establish that Moving Defendants are properly joined in this action, the Court must decide the proper remedy for their misjoinder. As an initial matter, it is clear that Moving Defendants' requested relief—that the SAC be dismissed in its entirety—is improper. Federal Rule of Civil Procedure 21 plainly states that "[m]isjoinder is not a ground for dismissing an action." Instead, the proper remedy for misjoinder "is severance or dismissal without prejudice." *UWM Student Ass'n v. Lovell*, 888 F.3d 854, 864 (7th Cir. 2018). Here, SCS does not address what the Court should do in the event of misjoinder. And the Court does not discern that SCS would suffer any prejudice if its claims against Moving Defendants are dismissed without prejudice. *See, e.g.*, *Pathway IP LLC v. Individuals, Corps., Ltd. Liab. Cos., P'ships & Unincorporated Ass'ns Identified on the Attached Schedule A*, No. 24-cv-5218, 2025 WL 815648, at *5 (N.D. Ill. Mar. 13, 2025) ("The Court exercises its discretion to dismiss Defendants from this case without prejudice based on misjoinder. [The plaintiff] makes no argument that it would experience gratuitous harm if its claims against Defendants were dismissed." (internal quotation marks and citations omitted)). Dismissal without prejudice simply leaves it to SCS to decide whether to pursue its respective claims against each Moving Defendant in separate actions, each subject to the payment of a filing fee. That is the approach the Court takes here.

Dated: September 28, 2026

Andrea R. Wood
United States District Judge

[1] The Court acknowledges that at least one court in this District has found that substantially similar circumstances to those here were analogous to a swarm and therefore established a single "occurrence" under Rule 20. *Bose Corp. v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, 334 F.R.D. 511, 517 (N.D. Ill. 2020) (explaining that the plaintiff trademark holder "faces a swarm of attacks on its trademarks" and "conceptualizing the swarm as the relevant Rule 20 'occurrence'"). Notably, it was Moving Defendants, not SCS, who voluntarily brought the arguably adverse precent of *Bose* to the Court's attention; SCS relies on caselaw from the file-sharing context. In any case, the Court agrees that the *Bose* court's analysis "suffers from the absence of a limiting principle" and declines to apply it to find joinder here. *Bailie v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, 734 F. Supp. 3d 798, 803–04 & n.5 (N.D. Ill. 2024) (citing cases).